# United States Court of Appeals
#### FIFTH CIRCUIT
#### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

May 02, 2022

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 21-30497   Lain v. Entergy Louisiana
                           USDC No. 3:19-CV-1301

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                          Sincerely,

                                          LYLE W. CAYCE, Clerk

                                          By: _____
                                          Dantrell L. Johnson, Deputy Clerk
                                          504-310-7689

cc:
    Mr. G. Karl Bernard
    Ms. Susan W. Furr
    Mrs. Renee Williams Masinter
    Ms. Molly McDiarmid

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 8, 2022
Lyle W. Cayce
Clerk

No. 21-30497
Summary Calendar

---

Russell Lain,

    *Plaintiff—Appellant*,

*versus*

Entergy Louisiana, L.L.C.,

    *Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-1301

---

Before King, Costa, and Ho, *Circuit Judges*.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that appellant pay to appellee the costs on appeal to be taxed by the Clerk of this Court.

Certified as a true copy and issued
as the mandate on May 02, 2022

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 8, 2022
Lyle W. Cayce
Clerk

No. 21-30497
Summary Calendar

---

Russell Lain,

> *Plaintiff—Appellant*,

*versus*

Entergy Louisiana, L.L.C.,

> *Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-1301

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

    Plaintiff-appellant Russell Lain appeals the summary judgment dismissing his employment-discrimination claim against Entergy Louisiana, L.L.C. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30497

## I.

The following facts are undisputed. Lain is a 56-year-old African American male. He has worked in the electric power line industry for nearly 30 years. Lain began his career at the Northeast Power Cooperative where he worked as a B-lineman for 23 years. In September 2011, Lain applied for and was offered a position with Entergy Louisiana, L.L.C. ("Entergy"). As a condition of his employment, Lain was required to take a written skills test and Entergy's "Fatal Five Rules" test. He passed these tests and was hired as a Lineman Mechanic II. Lain then worked at Entergy's Jonesboro location for several months before moving to Entergy's Fort Polk location, where he worked for another two-and-a-half years. Then, in June 2014, he transferred to the Winnsboro facility. .

At the Winnsboro facility, Lain was supervised by Gene Cupit. Cupit was less impressed with Lain's work than his prior supervisors. At Lain's 2014 performance review, Cupit found that Lain met expectations in several categories, but only met some expectations in others (such as reliability and resource management). Cupit found similar deficiencies in Lain's 2015 performance review, concluding that he met expectations in some categories but fell below in others (such as operational excellence and employee development).

In October 2016, Cupit retested Lain on the Fatal Five Rules; Lain failed. So, Cupit partnered with Entergy's Human Resources department to place Lain on a Performance Improvement Plan with an initial due date of February 15, 2017. Lain had allegedly not sufficiently progressed by that deadline, so Cupit extended the deadline to June 12, 2017. During this same time period, Cupit sent Lain to the Entergy Knowledge and Skills Training Center to be evaluated by an independent Entergy evaluator on Lain's

Case: 21-30497     Document: 00516301831     Page: 5     Date Filed: 05/02/2022
Case 3:19-cv-01097-TAD-KDM Document 105 Filed 05/02/22 Page 5 of 7 PageID #: 1900

No. 21-30497

readiness to move up to the Senior Mechanic role.[1] He was given six written exams by evaluator Chad Upton; Lain failed all of them. The evaluator wrote, "[Lain] needs improvement on all levels. In my opinion he is not capable of a lead position at this time." Then, on June 8, 2017, Lain again failed the Fatal Five Rules test.

Cupit conferred with his boss, Todd Bordelon, and they together determined that Lain could not remain in the Mechanic II position given his failure to progress to the Senior Mechanic role. So, they offered him a Meter Services Installer position in West Monroe, which was a demotion from his current role; otherwise, he would be terminated. Lain accepted the Installer role.

Lain brought the instant suit in August 2019, claiming his demotion was really based on his race. To support his claim, he points to the fact that, though not the only African American working under Cupit, Lain was the first African American employee hired at the Winnsboro location in over a decade. He also suffered abuses at the hands of his peers. He testified that throughout his employment, two other employees at Winnsboro frequently subjected him to inexcusable harassment, calling him "Nigger," "thick-lips," "coon," and "boy." One of these employees further told Lain that "if he had anything to do with it," Lain "would never ever become a Senior Mechanic." Lain contended that these employees influenced Cupit's perception of Lain's performance because Cupit would consider the feedback of co-workers when conducting employee reviews. He also alleged

---

[1] At Entergy, employees in the Mechanic II role are expected to progress and eventually be promoted to Senior Mechanic within a six-year period from when they were first hired. September 2017 would mark six years from Lain's hire date.

No. 21-30497

that, while other, white employees would be given training to improve, he was immediately demoted.

The district court granted summary judgment on Entergy's behalf. It concluded that the only adverse employment action taken against Lain was his demotion, and that Lain failed to show that, in getting demoted, he was treated less favorably than other similarly situated employees outside his class under nearly identical circumstances. Further, even if Lain could establish disparate treatment, he could not overcome Entergy's legitimate, nondiscriminatory reason for his demotion (that is, Lain's repeated failure of required tests). Lain timely appeals.

## II.

We review a district court's grant of summary judgment de novo. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 257 (5th Cir. 2009). When reviewing a motion for summary judgment, we must accept the evidence of the nonmoving party and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). That said, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

## III.

Lain accepts that his discrimination case relies on circumstantial evidence, and is thus governed by the *McDonnell Douglas* standard; he also accepts that his demotion was the only adverse employment action. He argues only that the district court erred by finding that Lain failed to plead sufficient facts under *McDonnell Douglas* to merit a trial.

No. 21-30497

*McDonnell Douglas Corp. v. Green* requires that a plaintiff, to make a *prima facie* case of discrimination, prove that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was the subject of an adverse employment action; and (4) he was replaced by someone outside of his protected class or was treated less favorably than other similarly situated employees outside his class. 411 U.S. 792, 802 (1973). The district court found that he satisfied the first three factors but failed the fourth. We agree.

Lain was required to prove that a Mechanic II outside of Lain's protected class would not have been demoted if, at the end of his or her six-year period of employment, he or she repeatedly failed required tests for being either a Senior Mechanic or a Mechanic II. His proffered evidence is insufficient to show this.

Lain highlights the highly inappropriate and offensive behavior of his peers at the office, and the apparent relationship that his peers had with Cupit, but he does not connect that behavior to why he failed the various tests conducted by an independent evaluator. *See Rios v. Rossotti*, 252 F.3d 375, 379-80 (5th Cir. 2001) (finding a claimant failed to establish a *prima facie* case when she could not demonstrate evidence that showed a discriminating peer had leverage or exerted influence over the decisionmaker). Lain also states that an employee from a non-protected class would be trained rather than be demoted. To support his assertion, he points to the testimony of other linemen who stated that, when tested by an instructor, the instructor may require a lineman to retake a test or class. But these linemen were not discussing the particular circumstances Lain was in, that is, a lineman who repeatedly failed tests at the end of his six-year employment period. *See Ernst v. Methodist Hosp. Sys.,* 1 F.4th 333, 340 (5th Cir. 2021) (finding that no *prima facie* case of racial discrimination arose when a claimant could not show that he was treated differently from a *similarly situated* employee). Moreover, Lain *was* given opportunities to improve and multiple opportunities to take the

5

Fatal Five Rules test. Lain has not demonstrated sufficient evidence to show that he received disparate treatment compared to a member of a non-protected class in his same position, and thus, he has failed to demonstrate a *prima facie* case under the *McDonnell Douglas* standard.

## IV.

For the foregoing reasons, the judgment is AFFIRMED.